**SO ORDERED.**

**SIGNED this 27 day of September, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

SUSAN M. HUTSON,                                            CHAPTER 11
                                                            CASE NO. 12-07111-8-RDD
    DEBTOR.

**ORDER CONVERTING CASE FROM CHAPTER 11 TO CHAPTER 7**

Pending before the Court is the Motion to Convert Case to Chapter 7 filed by Vantage South Bank (the "Bank") on June 19, 2013 (the "Conversion Motion"), the Recommendation in Support of the Motion to Convert Case to Chapter 7 filed by the Bankruptcy Administrator on July 15, 2013 and the Debtor's Response and Objection to the Conversion Motion, filed by Susan M. Hutson (the "Debtor") *pro se* on September 25, 2013. A hearing was held in Wilson, North Carolina on September 25, 2013 to consider the Conversion Motion and the responses.[1]

On October 4, 2012 the Debtor filed a voluntary petition for relief under Chapter 11 of the

---

[1] George F. Sanderson and John Branch, Counsel for Vantage South Bank, Ciara Rogers, Attorney for Chapter 11 Trustee, George Oliver, Chapter 11 Trustee, and C. Scott Kirk, Attorney for Bankruptcy Administrator, were present at the hearing and supported the Motion to Convert Case to Chapter 7.

Bankruptcy Code. The Debtor is an individual that resides in Haw River, North Carolina. The Debtor owns two income producing residential and commercial rental properties in Alamance County, North Carolina. Along with retirement income, the Debtor earns income from managing these properties and collecting rents. YNOT, LLC ("YNOT") is a North Carolina limited liability company that owns commercial and residential real estate in Durham County and Alamance County, North Carolina. The Debtor is the sole managing member and owner of YNOT. The Debtor and YNOT earn income from collecting rents from the commercial tenants in the properties owned by YNOT. The Bank is the primary secured creditor and has liens on some, but not all of the commercial and residential real estate and rents generated from the properties.

The Debtor and YNOT were represented by Counsel, William Janvier, at the commencement of this chapter 11 case. However, on January 2, 2013 Mr. Janvier filed a motion for withdrawal in both the YNOT bankruptcy case (Case No. 12-07112-8-RDD) and this case (Case No. 12-07111-8-RDD). An Order Granting Mr. Janvier's Motion to Withdraw was entered on February 1, 2013. On January 3, 2013, Scott Kirk, on behalf of the Bankruptcy Administrator, filed a Motion to Appoint a Chapter 11 Trustee. An Order was entered on January 30, 2013 appointing George Oliver as Chapter 11 Trustee in both cases. On February 20, 2013 an Order was entered granting Trustee's application to employ Oliver, Friesen, and Cheek, PLLC as Counsel for Trustee.

At the hearing, Counsel for the Bank requested that the Court convert this case to a Chapter 7 for the following reasons: (1) a substantial or continuing loss or diminution of the estate in that the Debtor is interfering with efficient administration of the estate by the Trustee; (2) an absence of a reasonable likelihood of rehabilitation in that there is not an impaired class that will vote in favor of the plan, and the sole secured creditor, the Bank, has indicated it will not vote in favor of the plan; and (3) an absence of a reasonable likelihood that a plan will be confirmed within the time frame

established under 11 U.S.C. § 1112(b). Counsel for the Trustee represented that she supported conversion of the case to Chapter 7 because of an inability to effectively communicate with the Debtor, administrative waste because of the Debtor's inability to properly communicate and prepare the monthly reports, and the Debtor's actions obstructing the Trustee's efforts to administer the estate and manage the rental properties in an efficient manner.

The Trustee and Counsel for the Bank represented that conversion to Chapter 7 would be the best method to preserve the equity that exists in several of the Debtor's properties. The Trustee testified at the hearing that he informed the Debtor in May of 2013 that the he would be taking control of and operating the rental properties without the assistance of the Debtor. The Trustee further testified that, after being told to stand down from managing the properties, the Debtor had the locks changed on one residential rental property after the Trustee had the locks rekeyed. In addition, the Trustee testified that the Debtor hired a contractor to resolve a tenant's complaint of a mold problem in a rental without notifying the Trustee. The Trustee also stated that his office was having to spend ten (10) hours a month correcting the monthly reports the Debtor was submitting. Further, the Debtor was failing to forward invoices to the Trustee so that he could pay them. The Bankruptcy Administrator also supported conversion of the case to Chapter 7 for the reasons stated by the Trustee.

> Section 1112(b)(1) of the Bankruptcy Code states:
>
> (1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent *unusual circumstances* specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court **shall** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b) (emphasis added). The definition of "cause" under Section 1112(b) includes,

substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

Section 1112(b) sets forth an important mechanism for converting those bankruptcy cases that can no longer further the fundamental policies of Chapter 11, which are "'preserving going concerns and maximizing property available to satisfy creditors.'" 7 COLLIER ON BANKRUPTCY, ¶ 1112.05[5][a], at 23 (16th ed. 2009).

The Court finds, pursuant to § 1112(b), that there is *cause* for converting this Chapter 11 case to Chapter 7. The Court finds that in May of 2013 the Chapter 11 Trustee informed the Debtor that the Trustee would be taking control of and operating the Debtor's rental properties. Contrary to the Trustee's direction, the Debtor continued to engage in activities dealing with management of the properties which were detrimental to and interfered with the Trustee's efforts.

The Court finds that there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. In this case, there is no dispute that the Debtor will be unable to confirm any proposed plan of reorganization within the time frames established under § 1112(b). Moreover, there is not an impaired class that will vote in favor of the plan. Also, the sole secured creditor has indicated that it will not vote in favor of the plan.

Pursuant to § 1112(b)(1), Congress has taken the discretion away from the court if cause is established and no unusual circumstances are present. Based on the testimony given at the hearing, the Debtor has failed to establish that such unusual circumstances exist. Therefore, this case shall be converted to Chapter 7. The Motion to Convert Case to Chapter 7 is **GRANTED**.

**IT IS FURTHER ORDERED** that George Oliver is hereby appointed as the Chapter 7 Trustee to administer the estate and perform the duties set forth in 11 U.S.C. § 704.

**IT IS FURTHER ORDERED** that the Debtor shall fully cooperate with Mr. Oliver in his

role as Chapter 7 Trustee and shall not go on or around any of the YNOT or Ms. Hutson's properties, or take any action regarding these properties unless given express permission by Mr. Oliver, with the exception of her residence at 1890 Cherry Lane, Haw River, North Carolina 27258.

**SO ORDERED**.

**END OF DOCUMENT**